IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CONRAD BURKE,<br>    Plaintiff, | Civil Action No. 7:07-cv-00342 |
| v. | MEMORANDUM OPINION |
| CHRIS WEBB, et al.,<br>    Defendants. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff Conrad Burke, a Virginia inmate, filed this pro se civil rights action pursuant to 42 U.S.C. §1983, with jurisdiction vested pursuant to 28 U.S.C. §1343. He alleges that defendants violated his constitutional rights by denying him dental floss from May 1, 2006, to February 21, 2007. He seeks the following relief, quoted verbatim from his complaint: "to be compensated for my injury loss of tooth by not being provided way of removing food from between my teeth which is needed to protect my teeth in vulnerable areas where regular toothbrushing DOESN'T reach." For the following reasons, I will dismiss this action as malicious, pursuant to 28 U.S.C. §1915(e)(2)(B).

The Prison Litigation Reform Act states that a federal court shall dismiss an action filed in forma pauperis at any time if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from someone who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Congress has noted that a litigant "whose filing fees are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious or repetitive lawsuits." Johnson v. Edlow, 37 F. Supp.2d 775, 776 (E.D. Va. 1999) (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)). Accordingly, courts are charged with dismissing an action proceeding in forma pauperis any time during the course of the litigation when it becomes apparent that the action is frivolous or malicious. Section 1915(e)(2); Cain v. Commonwealth of Virginia, 982 F. Supp. 1132, 1136 (E.D. Va. 1997). A litigant may be deemed

to act maliciously if his motive is to vex and harass the defendants. Johnson, 37 F.Supp.2d at 776. In determining whether an action is malicious, the court must review not only the instant complaint, but also the plaintiff's prior litigious conduct. Id. (citing Cochran v. Morris, 73 F.3d 1310, 1316-17 (4th Cir. 1996)).

Plaintiff recently filed a lawsuit in this court raising the same claims against the same defendants as in his current complaint. See Burke v. Webb, Civil Action No. 7:07cv00017 (W.D. Va. February 1, 2007).* In plaintiff's previous case, I dismissed his claims pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. And, as I have noted, plaintiff failed to prosecute his appeal of that dismissal. In his present complaint, the allegations from which the claims arise and the constitutional bases for the claims are the same as those in Civil Action No. 7:07cv00017. As plaintiff knows from the court's earlier opinion in Civil Action No. 7:07cv00017, his allegations do not state any constitutional claim; thus, the court concludes that plaintiff initiated the current lawsuit in bad faith, to harass and inconvenience the defendants.

---

* Both Civil Action No. 7:07cv00017 and the instant complaint arise from plaintiff's allegation that, from May 1, 2006, to February 21, 2007, he was denied the use of dental floss while incarcerated at the Lynchburg Adult Detention Center. Plaintiff initiated an appeal of the court's dismissal of Civil Action No. 7:07cv00017 to the United States Court of Appeals for the Fourth Circuit, but failed to prosecute the case, which result in the dismissal of the appeal. See 4th Cir. Case No. 07-6202 (April 20, 2007). Plaintiff states that the jail policy regarding dental floss has been modified, and that he now has access to dental floss. Plaintiff presents "new evidence" in the form of an article in the November 2006 issue of Glamour magazine, which states, in pertinent part: "[t]o protect your teeth, target the most vulnerable areas – between teeth and at the spot where teeth meet gums . . . . The best way to do that is to floss . . . ." Additionally, plaintiff alleges that he has now lost a tooth, and he attributes that loss to his not having ready access to dental floss for ten months.

Plaintiff's instant complaint does not change my determination in his earlier case. See Civil Action No. 7:07cv00017, mem. op. at 2-4 (February 1, 2007). Plaintiff fails to allege facts indicating that he was deprived of any federally protected liberty interest without due process; and, in light of the potential security threat the presence of dental floss presents to institutional staff and other inmates, I find reasonable the jail's former policy of not allowing inmates to possess dental floss. Even though the jail authority has now amended its policy to allow inmates to possess dental floss, such policies do not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Therefore, the court will dismiss the instant action as malicious, pursuant to § 1915(e)(2).

Furthermore, plaintiff is advised that federal law provides that a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee if the prisoner has brought, on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. See 28 U.S.C. §1915(g). Plaintiff is hereby advised that this dismissal constitutes his third "strike" under § 1915(g). Burke v. Webb, Civil Action No. 7:07cv00017 (W.D. Va. February 1, 2007), and Burke v. Smith, et al., Civil Action No. 5:02-ct-226 (E.D. N.C. April 8, 2002) constitute plaintiff's first two strikes.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 19th day of July, 2007.

Senior United States District Judge