```
                                                    CLERK'S OFFICE U.S. DIST. COURT
                                                         AT DANVILLE, VA
                                                              FILED
```

IN THE UNITED STATES DISTRICT COURT          JUL 24 2007
FOR THE WESTERN DISTRICT OF VIRGINIA      JOHN F. CORCORAN, CLERK
ROANOKE DIVISION                          BY: /s/
                                                DEPUTY CLERK

| | |
|---|---|
| **CONRAD BURKE,** ) | |
| Plaintiff, ) | Civil Action No. 7:07-cv-00342 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **CHRIS WEBB, et al.,** ) | By: Hon. Jackson L. Kiser |
| Defendants. ) | Senior United States District Judge |

This case, which I dismissed on July 19, 2007, as malicious pursuant to 28 U.S.C. §1915(e)(2)(B), is before the court on plaintiff's filing (docket number 8), which the court construes as a motion for reconsideration. For the reasons that follow, I will deny plaintiff's motion.

Plaintiff has filed two civil rights actions concerning the same events and allegations. Both Civil Action No. 7:07cv00017 and the present complaint allege that, from May 1, 2006, to February 21, 2007, plaintiff was denied on-demand access to dental floss while incarcerated at the Lynchburg Adult Detention Center.[1] In the instant pleading, plaintiff presents "new evidence," in the form of a one-page dental record, to support his allegation that he lost a tooth because of not having ready access to dental floss for ten months.

The first entry in the single-page dental record plaintiff submitted states that, on December 1, 2006, tooth number 30 was extracted "due to gross decay." The record does not indicate that the decay

---

[1] In my memorandum opinion and order of July 19, 2007, I noted that the instant complaint

> does not change my determination in [plaintiff's] earlier case. See Civil Action No. 7:07cv00017, mem. op. at 2-4 (February 1, 2007). Plaintiff fails to allege facts indicating that he was deprived of any federally protected liberty interest without due process; and, in light of the potential security threat the presence of dental floss presents to institutional staff and other inmates, I find reasonable the jail's former policy of not allowing inmates to possess dental floss. Even though the jail authority has now amended its policy to allow inmates to possess dental floss, such policies do not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Plaintiff initiated an appeal of the court's dismissal of Civil Action No. 7:07cv00017 to the United States Court of Appeals for the Fourth Circuit, but failed to prosecute the case, which resulted in the dismissal of the appeal. See 4th Cir. Case No. 07-6202 (April 20, 2007). Plaintiff states that the jail policy regarding dental floss has been modified, and that he now has access to dental floss.

or the resulting extraction was caused by, or was in any way related to, periodontal disease, any other disease or infection of the gum, or the insufficient use of dental floss. The December 1, 2006, entry in the dental record states that plaintiff was "concerned that [tooth number] 3 needed work," but that the tooth was x-rayed and "no decay [was] noted." It was further "[e]xplained to [patient] this was probably referred [pain] from [tooth number] 30 and after [extraction] of [tooth number] 30 if symptoms continue on [tooth number] 3 he should return."

The second and final entry in plaintiff's dental record, dated January 5, 2007 indicates that plaintiff "presented for follow up regarding pain in [tooth number] 3 area" because "pain has continued even after [tooth number] 30 removal." The record does not indicate any diagnosis specific to plaintiff's complaint about tooth number 3, but states that "occlusal decay [was] noted on [teeth numbers] 1 [and] 2," that a "gross debridement of teeth" was performed, and that plaintiff's "teeth [were] temporized with temp material." Again, the entry in the dental record indicates nothing about periodontal disease or any other disease or infection of the gum. In fact, the specific reference to "occlusal decay" indicates that plaintiff's dental problems arose from the occlusal surfaces of his teeth, i.e., the biting surfaces of his teeth, and not from decay at or around the gums.[2]

Accordingly, plaintiff's motion for reconsideration will be denied. The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff.

**ENTER:** This 24th day of July, 2007.

Senior United States District Judge

---

[2] "Occlusal" refers to the biting surface of the teeth towards the back of an individual's head, such as teeth numbers 1 and 2. See DORLAND'S 27TH ED. ILLUSTRATED MEDICAL DICTIONARY 1165 (1988); see also http://en.wikipedia.org/wiki/Commonly_used_terms_of_relationship_and_comparison_in_dentistry